IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**ANDREW LUIS ZAMORA**                                                     **PLAINTIFF**

V.                           **CASE NO. 5:19-CV-05196**

**SERGEANT CARLOS PINEDA**                                       **DEFENDANT**

## OPINION AND ORDER

Plaintiff Andrew Luis Zamora filed this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis* on October 17, 2019. Before the Court are two Motions to Dismiss filed by the sole remaining Defendant Sergeant Carlos Pineda. (Docs. 14 & 20). Plaintiff has not responded to the Motions, and the time to do so has passed. The Court finds this matter ripe for consideration.

## I. DISCUSSION

The first Motion to Dismiss (Doc. 14) states that on November 26, 2019, Plaintiff was mailed a written notice of Defendant's intent to take Plaintiff's deposition. The copy of the Notice of Deposition was sent to 323 Callahan, Muskogee, OK 74403, the address of record listed for Plaintiff on the Court's docket. The Notice of Deposition informed Plaintiff that the deposition was to be held on December 4, 2019, at the Washington County Detention Center, 1155 Clydesdale, Fayetteville, AR. The written notice was not returned as undeliverable.

At approximately 10:29 a.m. on December 4, 2019, when Plaintiff did not appear for his deposition, Defendant's counsel went on the record and confirmed that Plaintiff

1

had failed to appear. (Doc. 14-2 at 3). In the Motion to Dismiss, Defendant's counsel indicates that Plaintiff has not communicated with her. Defendant also notes that the last document Plaintiff filed with the Court was on November 15, 2019, when he submitted a change of address. (Doc. 10). Defendant requests that the case be dismissed. Alternatively, Defendant asks that he be awarded the reasonable costs, including attorney's fees, caused by Plaintiff's failure to appear for the deposition pursuant to Federal Rule of Civil Procedure 37(d)(A)(i) and that the case be stayed until those costs are paid. Dismissal of a lawsuit, in whole or in part, is a proper sanction under Rule 37 of the Federal Rules of Civil Procedure.

On January 6, 2020, the Court entered an Order (Doc. 16) directing Plaintiff to respond to Defendant's Motion to Dismiss by January 27, 2020. Plaintiff was advised that failure to timely and properly comply with the Order "shall result" in the dismissal of this action. The Order was mailed to the Plaintiff's address of record and has not been returned as undeliverable. To date, Plaintiff has not responded to the Motion to Dismiss nor sought an extension of time to do so nor communicated with the Court in any way.

On February 5, 2020, the Court received a number of documents returned as undeliverable. (Docs. 9, 10, 12, 13, 17). No new address for the Plaintiff was provided. In accordance with the Court's earlier Order (Doc. 3), Plaintiff was given until March 6, 2020, to provide the Court with a new address.

On February 11, 2020, Defendant filed a second Motion to Dismiss. (Doc. 20). In this Motion, Defendant moves to dismiss the case on the grounds that Plaintiff failed to

appear at his deposition, failed to respond to the Court's Order, and failed to keep the Court informed of his current address.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984). Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## II. CONCLUSION

Plaintiff failed to appear for his deposition, failed to obey an Order of the Court, and failed to prosecute this case. Therefore, pursuant to Federal Rules of Civil Procedure 37, 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.

Accordingly, Defendant's Motions to Dismiss (Docs. 14 & 20) are **GRANTED.** The case is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** on this 10th day of March, 2020.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE